# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2020

Lyle W. Cayce
Clerk

No. 19-30500

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GROSS WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-12433
USDC No. 2:15-CR-10-1

Before CLEMENT, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gross Williams, federal prisoner # 34156-034, was convicted of one charge of conspiring to possess heroin and cocaine with intent to distribute and one charge of possession of a firearm by a felon; he was sentenced to serve 276 months in prison and a ten-year term of supervised release. The district court denied the 28 U.S.C. § 2255 motion he filed to challenge these convictions and sentence, and he moves this court for a certificate of appealability (COA) on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims concerning ineffective assistance of counsel.  He also argues that the district court erred by not holding an evidentiary hearing, and he requests appointed counsel.

To obtain a COA, one must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issues he presents "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because Williams has not met these standards, his COA motion is DENIED.  We construe the motion for a COA with respect to the district court's declining to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM.  Finally, Williams's request for appointed counsel is DENIED.